787 F.2d 593
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JESS TURPIN, Plaintiff-Appellant,
v.
JOHN W. GARNER; EDWARD R. GIRDLER; SOMERSET PULASKI COUNTY
TOURIST COMMISSION; LINVILLE TARTAR; JENNIE L. STANLEY; JACK
DETHERAGE; VARNA HOLT; GENO BIANCHI; TONY KARAMBELLIS; JOE
JACKSON AND SMITH VAN HOOK, Defendants-Appellees.
 85-5357
 United States Court of Appeals, Sixth Circuit.
 3/18/86
 
 AFFIRMED
 E.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 BEFORE: KRUPANSKY and GUY, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Jess Turpin (Turpin) appealed from the district court's final order granting summary judgment in favor of defendants in this civil rights action initiated pursuant to 42 U.S.C. Sec. 1983.
 
 
 2
 On March 6, 1974, the Pulaski County Fiscal Court created the Somerset-Pulaski County Tourist Commission (the Commission). The commissioners were appointed by executive order of Jacob V. Garner, the Judge-Executive of Pulaski County.
 
 
 3
 Shortly after the Commission had been appointed, the commissioners employed Turpin as the Commission's director. Turpin worked under a verbal agreement from 1974 until December of 1981. No written employment contract was ever negotiated or executed by the Commission and Turpin before December 22, 1981.
 
 
 4
 In the November 1981 general election, defendant John W. Garner defeated the incumbent County Judge-Executive, Jacob V. Garner. As part of his campaign platform, John W. Garner had promised to discharge Turpin if elected. In an effort to avoid the inevitable, Turpin requested the Commission to execute a written employment agreement before John W. Garner (Garner) officially assumed office. The Commission convened in special session on December 22, 1981 and executed a four year written employment contract with Turpin.
 
 
 5
 Before assuming office, Garner met with Commission chairman Joseph Keeton and directed him to discharge Turpin. Keeton, speaking for the Commission, refused to terminate Turpin's employment. The Judge-Executive elect thereupon advised Keeton that he planned to appoint new commissioners upon assuming his office.
 
 
 6
 On January 4, 1982, Garner was sworn in as County Judge-Executive and promptly issued an executive order which declared that the commissioners had been improperly appointed and relieved them of any further duties. On January 18, 1982, the ousted commissioners brought a state court action challenging Garner's action.
 
 
 7
 The Kentucky Court of Appeals upheld Garner's ouster of the commissioners, concluding that they had not been properly appointed. During April of 1982, Garner and defendant Mayor Smith Van Hook jointly appointed a new Commission.
 
 
 8
 The new Commission sought and received an advisory opinion from the Kentucky Attorney General addressing the legality of plaintiff's employment contract. The Kentucky Attorney General determined that Turpin's written employment contract was valid only during the term of the commissioners who had appointed him. On January 13, 1983, the new commissioners discharged Turpin.
 
 
 9
 On July 20, 1983, plaintiff initiated this action in federal district court alleging a due process violation under 42 U.S.C. Sec. 1983 and asserting pendent state law claims for defamation, interference with contractual relations, and breach of contract. On March 19, 1985, the district court granted summary judgment in favor of defendants, concluding that plaintiff had not asserted a constitutionally protected property interest and that plaintiff had abandoned all other federal claims.
 
 
 10
 On appeal, plaintiff first contended that the district court erred in granting summary judgment because his employment contract with the Commission created a constitutionally protected property interest.
 
 
 11
 The Fourteenth Amendment prohibits a state from depriving a person of a property interest without due process of law. In Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court defined the essential attributes of a constitutionally protected property interest:
 
 
 12
 To have a property interest in a benefit, a person must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.
 
 
 13
 Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.
 
 
 14
 Plaintiff's employment contract was not enforceable after the commissioners who appointed him were relieved of their office. Accordingly, plaintiff's employment contract did not create a constitutionally protected property interest.
 
 
 15
 Plaintiff also argued that the existence of material factual issues relating to plaintiff's asserted liberty interest should have precluded summary judgment on that issue. However, as the Supreme Court noted in Paul v. Davis, 424 U.S. 693, 712, 96 S.Ct. 1155, 1166, 47 L.Ed.2d 405, reh'g denied, 425 U.S. 985, 96 S.Ct. 2194, 48 L.Ed.2d 811 (1976), an injury to reputation, even when inflicted by a government official, does not result in a deprivation of a liberty interest and therefore, does not invoke the procedural protections of the due process clause.
 
 
 16
 For the reasons stated above, the judgment of the district court is AFFIRMED.